# Richard Wistar et al., Plffs. in Err., *v.* James M. Gillilan et ux.

Where property is devised ultimately to the male issue of a son, the whole class of male descendants is intended, whether descended through males or females.

(Decided February 8, 1886.)

Error to the Court of Common Pleas, No. 3, of Philadelphia County.    Affirmed.

Richard Wistar died, having devised certain land to his son Richard, and certain land to each of his two daughters, the residue to be divided among all his children.

pose, is upon him, and cannot be presumed.    Ford v. Anderson, 139 Pa. 261, 21 Atl. 18; Reese v. Clark, 146 Pa. 465, 23 Atl. 246; Ash v. Verlenden Bros. 154 Pa. 246, 26 Atl. 374; Payne v. Reese, 100 Pa. 301.

NOTE.—The principle laid down in this case is a reaffirmation of the ruling in Wistar v. Scott, 105 Pa. 200, 51 Am. Rep. 197.

In Bernal v. Bernal, 3 Myl. & C. 559, it was held that a devise to male children of nephews included only male descendants through the male line, and not through the female line.    See also D'Amico v. Trigona, L. R. 13 App. Cas. 815.

The property in contention was devised to his said daughters for life, and, at the death of the survivor of them, "to the male issue then living of my said son Richard, their or his heirs and assigns in fee; but if no such issue shall then be living, in such case I give the same unto all the children of my said daughters, Catherine and Sarah, and my son Richard, their heirs and assigns in equal parts, according to the number of them."

Richard, the son, was not married at the death of the testator. He died before his sister Sarah, and neither of the sisters married. At the death of the survivor of the sisters, there were two sons of Richard living, and four male grandchildren, the sons of daughters of Richard. Three of these were children of Fanny Wistar, a daughter of Richard, and the fourth son of Sarah Wistar, another daughter, who upon the death of her first husband married James M. Gillilan. The latter grandson died intestate and without issue, and his mother, Mrs. Gillilan, brought this action of ejectment to recover his share of the property.

The only question raised was whether this grandson took under the provision for the male issue of my son Richard. This was decided affirmatively by the court, and a verdict was accordingly directed for the plaintiffs.

*R. C. McMurtie* for plaintiffs in error

*J. Sergeant Price* and *Jos. B. Townsend* for defendant in error.

Per Curiam:

The precise question now presented was before us and decided in Wistar v. Scott, 105 Pa. 200, 51 Am. Rep. 197. It then received a careful consideration. The same reasons substantially were urged then, which are urged now, to induce us to give a different construction to the will of Richard Wistar the elder. We have given due consideration to the able argument of the counsel for the plaintiffs in error, and have re-examined the case. We discover no just reason for changing the views then expressed. We therefore adhere to the construction then put upon the devise in question.

Judgment affirmed.